**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 16 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC ORDUNA, | No. 23-15313 |
| Petitioner-Appellant, | D.C. No. 3:20-cv-00641-MMD-CLB |
| v. | |
| TIM GARRETT; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted August 13, 2024[**]
San Francisco, California

Before: GRABER, CALLAHAN, and KOH, Circuit Judges.

Petitioner Eric Orduna was charged in Nevada with conspiracy to commit kidnapping, first-degree kidnapping resulting in substantial bodily harm with a deadly weapon, conspiracy to commit robbery, robbery with the use of a deadly

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

weapon, conspiracy to commit murder, and murder with the use of a deadly weapon. The state filed a notice of intent to seek the death penalty against Orduna. Although Orduna pleaded not guilty, his counsel attempted to negotiate a plea deal prior to trial. These attempts spanned a period of years. On the Friday before trial was to begin, the state made its first formal plea offer to Orduna, which was a plea of guilty to all charges in exchange for the state's agreement to seek a sentence of life without parole rather than the death penalty. Orduna rejected that offer. On the first day of trial the state offered a new plea deal, which Petitioner accepted. He pleaded guilty to one count of murder with a deadly weapon in exchange for dismissal of all other counts and the state's agreement not to seek the death penalty or a sentence of life without parole. Orduna was sentenced to twenty years to life for first degree murder, with a consecutive sentence of four to ten years for his use of a deadly weapon.

In this habeas proceeding, 28 U.S.C. § 2254, Petitioner argues that his guilty plea was not knowing, intelligent, and voluntary. See Brady v. United States, 397 U.S. 742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."). The district court denied the petition. Reviewing de novo, Kipp v. Davis, 971 F.3d 939, 948 (9th Cir. 2020), we affirm.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas petitioner must show that the state court's adjudication of the merits of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2). When evaluating a petition under AEDPA, we look to the "last reasoned [state court] decision." Barker v. Fleming, 423 F.3d 1085, 1091–92 (9th Cir. 2005) (citation omitted). The Nevada Court of Appeals issued the last reasoned state court decision in this case.

Petitioner argues that his plea was not knowing, intelligent, and voluntary because the "stress and strain" of having to make a quick decision caused "a mental breakdown where he did not fully understand the consequences of the proceeding" and because the plea resulted from prosecutorial coercion. The Nevada courts rejected all these arguments.

At the plea colloquy, Petitioner affirmed that his plea was "freely and voluntary given." In particular, Petitioner affirmed that: (1) he was not threatened or forced to plead guilty; (2) he understood his sentencing range for the murder with the use of a deadly weapon charge included life without the possibility of parole, but that he would be able to withdraw his plea and go to trial if the court

3

imposed that sentence; (3) he understood that "the other possible sentences [included] life with the possibility of parole beginning at 20 years" and that the deadly-weapon enhancement would result in "a consecutive term of -- maximum term of 20 years, minimum term of one year"; (4) he signed the plea agreement on page 5 of the agreement; (5) he "read and underst[oo]d everything contained within the agreement"; (6) any questions he had about the agreement were answered by his legal counsel at the time; (7) he was "very satisfied" with the services provided by his legal counsel; (8) no promises were made to him by his legal counsel, other than those stated in court regarding the plea agreement negotiations and those written in the agreement; and (9) he committed the acts indicated in the amended indictment. Petitioner also "understood his legal liability even if he did not administer the fatal blow to the victim and entered a guilty plea that conformed to [his] assertions regarding the facts of the case." (Emphasis added). For good measure, Petitioner was asked whether he had questions for the trial court or for his legal counsel, to which he responded "[n]o." The court then asked, again, whether Petitioner was entering his plea "freely and voluntarily," to which he responded "[y]es, Your Honor."

Even though Petitioner had only a short time to consider the plea agreement and he experienced stress when he entered the plea, the Nevada Court of Appeals' conclusion that the plea was knowing, intelligent, and voluntary is not an

4

"unreasonable determination of the facts," nor is it "contrary to," or "an unreasonable application of, clearly established Federal law" as announced by the Supreme Court. 28 U.S.C. § 2254(d)(1), (d)(2); see also Doe v. Woodford, 508 F.3d 563, 571 (9th Cir. 2007) (holding that "[a]ny evidence of mental deficiencies did not undermine the voluntariness of [the defendant's] plea even in light of the alleged limitation to two hours he claims he had to consider the proposed plea agreement"). In addition, the court's finding that Petitioner was not coerced by the prosecution is not an unreasonable determination of the facts or an unreasonable application of Supreme Court law. 28 U.S.C. § 2254(d)(1), (d)(2).

**AFFIRMED.**